## Hugh O'Brien v. Emma Sylvester, Owner, etc., Appellant, and Lewis Duerr, Contractor.

*Opening judgment—Discretion of court—Review on appeal.*

A judge on application to open a judgment acts as a chancellor and on an appeal from his refusal to so open the judgment the appellate court will only see that his discretion has been properly exercised. The appellate court will not say that in refusing to open a judgment on a mechanic's lien the court failed in a judicious exercise of its discretionary power when by reason of laches the defendant permitted the lien creditor to incur costs of suit and execution instead of interposing a defense or taking steps to have the lien stricken off as she of right might have done.

Argued Dec. 15, 1899. Appeal, No. 197, Oct. T., 1899, by Emma Sylvester, from decree of C. P. No. 1, Phila. Co., March T., 1899, No. 336, M. L. D., discharging rule to open judgment. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Rule to open judgment. Before BRÉGY, J.

It appears from the record that a sci. fa. was issued upon a

mechanic's lien filed in this case, judgment obtained for want of an affidavit of defense, and the premises exposed for sale under a writ of levari facias. Thereupon a rule was taken by Emma Sylvester, as owner, to show cause why the judgment in the above case should not be opened and defendant let into a defense, proceedings to stay meanwhile. Deponent averred in her affidavit in support of the rule, as follows:

That the said plaintiff, Hugh O'Brien, had no authority from the said deponent to perform the alleged services, nor was the deponent aware of the alleged performing of the said work; and that Lewis Duerr, one of the said defendants had no authority from deponent as agent or contractor to have the alleged work done.

And deponent further says that at the time of the alleged work being performed by the said Hugh O'Brien, the said premises were the property of, and in the possession of, Lewis Duerr, one of the said defendants, as the vendee of deponent under an agreement of sale of the same entered into January 5, 1899, conditioned for the balance of the purchase money being paid on or before April 5, 1899, and a good and sufficient deed be then made by the said Emma Sylvester to the said Lewis Duerr, and that on or about April 5, 1899, the said Lewis Duerr forfeited all his right, title and interest in the said premises for nonpayment, the premises then reverting back to the said Emma Sylvester. Deponent further says that she had no knowledge or information of the filing of the said lien or of any other proceedings in the cause against her until November 2, 1899, when she was informed by her brother, by telegram, that the said premises were exposed for sale by the sheriff of the county of Philadelphia; and that the buildings thereon are not completed.

Deponent saith that her residence is at Chiselhurst in the state of New Jersey, and has been for the past two years.

Deponent further says that the said Hugh O'Brien, the above plaintiff, is indebted to her in the sum of $68.00, for rent.

The court below discharged the rule to open the judgment. Defendant appealed.

*Error assigned* was discharging rule to show cause why judgment should not be opened and Emma Sylvester be let into a defense.

*P. A. Wildermuth,* for appellant.—While the judgment should not be opened, as a general rule, upon defendant's oath alone when he is contradicted by the testimony of plaintiff, yet where there are corroborating circumstances, or circumstances from which inferences may be drawn corroborative of defendant, it is proper to open the judgment and refer the question to the jury: Stockwell v. Webster, 160 Pa. 473; Steiner v. Scholl, 163 Pa. 465; Fisher v. Holbrook, 7 Pa. Superior Ct. 649.

All persons furnishing labor or materials are bound to take notice of the title of the apparent owner. If he is an intruder, the lien falls. If he has equitable title, that is bound: Taylor v. Murphy, 148 Pa. 337; Harlan v. Rand, 27 Pa. 514.

The defendant's interest cannot be bound nor her legal title affected by any contract made by one having no authority, who was a vendee under articles, and having but an equitable title: Waters v. Wolf, 162 Pa. 153.

*William S. Morris,* with him *G. Heide Norris,* for appellee. —The return to the scire facias "served as to the contractor and nihil habet and by posting as to the owner" is a proper and sufficient return: Brewster's Practice (1891), p. 176; Shoemaker v. Duganne, 5 W. N. C. 403; Donahoo v. Scott, 12 Pa. 45.

After standing by and doing nothing during progress of suit, and after receiving the benefit of appellee's labor and that of others in erecting the buildings, the appellant cannot now be heard to complain when judgment has been regularly obtained: Weaver v. Lutz, 102 Pa. 593; Atkinson v. Schuyler, 5 W. N. C. 448.

OPINION BY BEAVER, J., January 17, 1900:

"It is settled by a long line of decisions that the judge, to whom an application to open a judgment is made, acts as a chancellor; . . . . and that on appeal the appellate court will only see that his discretion has been properly exercised:" Stephan v. Hudock, 4 Pa. Superior Ct. 474. The petition of the defendant owner was for grace and not for right. The record shows a judgment regular upon its face. The only question for consideration is as to the propriety of the exercise of the discretion of the court. No reasons for the discharge of the rule to show cause are given, but we are not left in doubt as to

the probable reasons by an inspection of the petition itself and the other facts disclosed by the record.

The defendant owner entered into a written agreement with the defendant contractor by which the latter agreed to buy two lots upon the terms therein set forth. Possession was delivered under the agreement and continued for several months. At the end of that time, upon a default of the monthly payments stipulated for, the agreement was rescinded and the owner took possession. She found, upon taking possession, two houses built or in course of construction. It is not denied that the plaintiff contributed, to the extent of the lien filed, toward the construction of these houses. The defendant, therefore, was benefited to the extent of the purchase money paid by Duerr and the labor of the plaintiff and others who had contributed to the building of the houses. The changed conditions and presence of the houses were of themselves notice to her that the money, materials and labor of some one had been expended in the improvement of her property. Whatever her legal rights may have been at the time she rescinded the agreement, it is evident that, having benefited by the labor of the plaintiff and taking no action in regard to the lien filed by him until after judgment was regularly obtained, she has very slight, if any, equitable grounds upon which to appeal to the discretion of the court sitting as a chancellor for the exercise of its equitable powers in opening the judgment obtained against her. Instead of moving the court to strike off the lien, so far as she was concerned, she allowed the plaintiff to incur the expense of a scire facias upon his lien; and then, instead of interposing a defense, as she had a right to do, she allowed him to incur the further expense of procuring judgment and issuing a levari facias thereon. Although the plaintiff does not occupy so strong a position as the purchaser at a sheriff's sale, as in the case of Weaver v. Lutz, 102 Pa. 593, he was, nevertheless, injured, at least to the extent of the costs incurred, by the laches of the defendant and should not be made to suffer thereby.

We are not prepared to say, under the circumstances, that the court failed in a judicious exercise of its discretionary power in discharging the rule to show cause why the judgment entered upon the mechanic's lien should not be opened.

The appeal is dismissed at the costs of the appellant and the order of the court below affirmed.