## Duffy *v.* Kaufman, Appellant.

*Judgment—Opening judgment—Ejectment—Lease—Landlord and tenant—Evidence—Province of court and jury.*

On an application to open a confessed judgment in an amicable action of ejectment entered upon a lease, the court may judge of the weight of evidence and credibility of the witnesses, and is not required in every case where there is a conflict of testimony to send the case to a jury.

In such a proceeding where the defendant's evidence is extremely vague, unsatisfactory and contradictory, and is contradicted by the testimony adduced by the plaintiff, the appellate court will not reverse an order refusing to open the judgment.

Argued Oct. 14, 1901. Appeal, No. 47, Oct. T., 1901, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1900, No. 913, discharging rule to open judgment in case of Patrick Duffy v. Samuel Kaufman and Julia Kaufman. Before RICE, P. J., BEAVER, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

*Error assigned* was the order of the court.

*Henry J. Scott*, for appellants.

*Thomas James Meagher*, for appellee.

PER CURIAM, October 28, 1901:

This is an appeal from an order refusing to open a confessed judgment in an amicable action of ejectment entered upon a lease. The defendant admitted the execution of the lease, and in her affidavit upon which the rule was granted, did not intimate that it was not the lease under which she held the premises. But in the presentation of testimony taken under the rule, she shifted her ground and alleged that the lease was superseded by another executed about the same time, and by still another executed in November, 1900. Her testimony in support of this allegation was extremely vague, unsatisfactory and contradictory. It was, moreover, contradicted by the testimony

adduced by the plaintiff. It is a mistake to suppose that the court to which such an application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but in every case where there is a conflict of testimony must send the case to a jury. This is so well settled as not to require the citation of authorities. We must presume that in discharg- ing the rule the court exercised this power to weigh the evidence and concluded that there was such a clear preponderance against the defendant's contention that it was not a case requiring a jury trial. After a careful perusal of the testimony we are unanimously of opinion that the court properly and wisely ex- ercised the discretion vested in it. Having arrived at this con- clusion it is unnecessary to discuss the question raised on the motion to quash this appeal.

Order affirmed and appeal dismissed at the costs of the ap- pellant.