## Zartman *v.* Spangler, Appellants.

*Judgment—Opening judgment—Discretion of court—Weighing of testimony—Horse—Warranty—Evidence.*

An application under the Act of May 20, 1891, P. L. 101, giving the right of appeal from orders opening, vacating or striking off, etc., judgments of any kind, whether entered by amicable confession upon warrant of attorney, or otherwise, is an equitable proceeding addressed to the discretion of the court. The judge to whom the application is addressed, acts as a chancellor, and the appellate court will examine the record only to determine whether this discretion has been properly exercised. It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but that every case where there is a conflict of testimony must be sent to a jury.

The appellate court will not reverse the action of the lower court in re-

fusing to open a judgment entered on a judgment note given in part payment for a horse, where the defendant's claim of breach of warranty is met by positive proof that the defendant abused the horse while in his possession, and that the horse's conduct was the probable consequence of such abuse.

Argued Oct. 28, 1902. Appeal, No. 116, Oct. T., 1902, by defendant, from order of C. P. Lebanon Co., June T., 1901, No. 248, discharging rule to open judgment in case of J. M. Zartman v. John H. Spangler and J. W. Spangler. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that the judgment in question had been entered on a judgment note given in part payment of the purchase price of a horse.

All the material facts disclosed by the testimony are stated in the opinion of the Superior Court.

The court discharged the rule to open the judgment.

*Error assigned* was the order of the court.

*Thomas H. Capp*, for appellants.—The refusal to open was within the sound discretion of the court : Kaier Co. v. O'Brien, 202 Pa. 153 ; Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122 ; Blauvelt v. Kemon, 196 Pa. 128 ; McDonough v. Sheridan, 16 Pa. Superior Ct. 361 ; Ford v. Anderson, 139 Pa. 261 ; Thomas v. P. & R. R. R. Co., 148 Pa. 180.

*P. S. Keiser*, with him *George B. Woomer*, for appellee.—An application to open a judgment and let the defendant into a defense is substantially an appeal to the equity power of the court, and should of course be proceeded in as nearly as may be according to equity practice : O'Hara v. Baum, 82 Pa. 416 ; Humphrey v. Tozier, 154 Pa. 410 ; Earley's App., 90 Pa. 321 ; Jenkintown Nat. Bank's App., 124 Pa. 337 ; Stockwell v. Webster, 160 Pa. 473 ; McKnight v. Nichols, 147 Pa. 158.

OPINION BY ORLADY, J., December 13, 1902 :

A judgment in plaintiff's favor and against the defendants

was entered in the court of common pleas, for $90.00. It was founded upon a note, with the confession of judgment therein, dated January 28, 1901, payable sixty days after date with cost of suit, and release of errors, five per cent collection fee, stay of execution and waiver of exemption. The defendant presented a petition and secured a rule to show cause why the judgment should not be opened, which rule was granted. After the plaintiff had filed an answer a commissioner was appointed to take testimony, and there was a final hearing before the court; the rule was discharged at the cost of the petitioners, which action of the court below is the only error assigned. The controversy grew out of the defendants' purchase of a horse from the plaintiff, and if the rights of the defendants depended upon the testimony adduced in their behalf, it would have been the manifest duty of the court to open the judgment, but it is difficult to apply such conduct, as the defendants and their witnesses ascribe to the horse, to the animal described by the plaintiff and witnesses called in his behalf. At the time of the sale the plaintiff warranted the horse as follows : " solid and sound, well broken, must work and drive single and double, and if not as warranted, it would be no sale and the horse could be returned and the money would be refunded." The defendants contended and urged through their own testimony and that of a number of witnesses, that the horse was not broken, that it was a balker, intractable, and vicious. The plaintiff adduced testimony to show that the horse, both before the sale and after its surrender to the defendants, was substantially all that was claimed for it in the warranty, and that the unruly conduct on the part of the horse while in the defendants' possession was due entirely to his lack of tact and skill in handling the animal and his cruel treatment of it. It is clearly shown by the testimony that the horse was about four years old, spirited and high mettled; that prior to the sale to the defendants, it had been used with safety as a family horse, being well behaved and tractable ; that the defendants had the horse only a few days when it was surrendered and showed unmistakable signs of physical abuse and ill treatment; that it was kept at a hotel for about three months without being used, and then sold to pay the landlord's claim. The man who bought the horse testified as a witness, to having seen it at the time of

the first sale and to having used it frequently after he purchased it at the landlord's sale; and to the fact that it was used by himself and his wife with perfect safety, was well broken, and could be easily driven on public highways occupied by trolley roads. While the testimony was very conflicting, the question in controversy was narrowed to a small compass, and the court below found that the reason that the horse did not give satisfaction to the defendants, was due perhaps to the treatment it received; in support of which there was abundance of evidence submitted. It is apparent that the defendants had full notice at the time of the purchase that the horse was of a nervous disposition and would require prudent handling and management; that he was not a saddle horse and was not vouched for as such.

It has been frequently decided that an application under the Act of May 20, 1891, P. L. 101, giving the right of appeal from orders opening, vacating or striking off, etc., judgments of any kind, whether entered by amicable confession upon warrant of attorney, or otherwise, is an equitable proceeding addressed to the discretion of the court. The judge to whom the application is addressed, acts as a chancellor, and the appellate courts will examine the record only to determine whether this discretion has been properly exercised. It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but that every case where there is a conflict of testimony must be sent to a jury: Jenkintown National Bank's Appeal, 124 Pa. 337; Blauvelt v. Kemon, 196 Pa. 128; Kelber v. Pittsburg National Plow Co., 146 Pa. 485; Stephan v. Hudock, 4 Pa. Superior Ct. 474; O'Brien v. Sylvester, 12 Pa. Superior Ct. 408; Rehm v. Frank, 16 Pa. Superior Ct. 175; Duffy v. Kaufman, 18 Pa. Superior Ct. 362.

We have carefully examined all the testimony offered in support of the defendant's contention, and conclude that the court was justified in refusing to open the judgment, under the weight of the testimony. The subsequent good conduct of the horse was quite persuasive as to its disposition and training when it was sold by the plaintiff; and that is the time to be considered in determining whether or not the warranty had been fulfilled. The defendants' treatment of the horse immediately after they

received it from the plaintiff would reasonably produce such objectionable results as were testified to, and for which the plaintiff was in no way chargeable.

The order of the court below is affirmed.