## Commonwealth ex rel., Appellant, v. Perrego et al.

*Practice, C. P.—Judgment—Opening judgment—Public officers—Principal and surety—Act of April 21, 1846, P. L. 413.*

Where an action of assumpsit is begun against a public officer and his surety, under the Act of April 21, 1846, P. L. 413, and there is nothing to indicate that the action was brought under that act, or that it was not an ordinary action under the act of 1887, a judgment entered by default of the defendants in not proceeding under the act of 1846, in presenting their defense, will be opened where an affidavit presented by the defendants shows that their case was entitled to be submitted to a jury.

Submitted Jan. 10, 1906. Appeal, No. 51, Jan. T., 1906, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1905, No. 757, making absolute a rule to open judgment in case of Commonwealth ex rel. Kingston Township v. James D. Perrego and the American Bonding and Trust Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.

HALSEY, P. J., filed the following opinion :

The judgment taken in this case is one that is seldom met with in practice. It was taken under the Act of April 21, 1846, P. L. 413, which provides : " That in all suits hereafter brought in any court under the provisions of this act or the act to which this is a supplementary, the attorney officiating for the commonwealth shall file a declaration along with the præcipe, and judgment shall be entered therein and the sums be liquidated by the respective prothonotaries as aforesaid immediately after thirty days from the return of the writ in each case, unless before that time the defendants·shall have filed an affidavit of defense and shall have put the cause to issue as is directed in the second section of this act in suits heretofore brought."

This act by the Act of April 21, 1857, P. L. 266, applies to all suits against defaulting public officers or their sureties within this commonwealth. It is excepted out of the procedure Act of May 25, 1887, P. L. 271, in the eighth section, which provides that that act shall be applicable to the present actions of assumpsit, debt, covenant, trespass, trover and case, and that all other actions now existing shall remain as heretofore and are in no way affected by the passage of this act.

The counsel for the defendants was misled, believing that before the judgment could be taken for want of an affidavit of defense the requirements of the Act of May 25, 1887, P. L. 271, must be complied with. As this action is one of the excepted proceedings out of the act of 1887, the attorney for the plaintiff when the requirements of the Act of April 21, 1846, P. L. 413, had been complied with, took judgment against the defendants for want of an affidavit of defense. The defendants, when the judgment was discovered, moved promptly to have it opened, and, in the affidavit upon which the rule was allowed, they have set forth matters of defense which, in our judgment, if they had been presented in an affidavit of defense, would have caused this case to have gone to a jury for trial.

In the case of John Hinton v. Eli Hart and John McGowen, 1 Woodward's Decisions, 97, Judge WARREN WOODWARD, then of the court of common pleas in the twenty-third judicial district, and afterwards one of the justices of the Supreme

Court of Pennsylvania, held : " The application on the part of the defendants for relief has been made with reasonable promptness.   The neglect to file an affidavit in proper time is proved to have been the result of accident and mistake.   There has been no fault chargeable to the account of the party, and the oversight of his counsel ought not to prejudice him.   The affidavit now filed sets out a defense on which a jury ought to pass.   The uniform practice of the courts is to open judgments by default where the defendant comes in promptly, excuses his default and shows that he has a defense."

. This case is in almost all of its essentials similar to the one now before us for disposition.   It was the exercise of an equitable power vesting in the court upon an application for relief, because of a mistake made by counsel.

Rule absolute ; defendant to file an affidavit within ten days.

*Error assigned* was the order of the court.

*W. Alfred Valentine*, with him *W. S. Casterlin* and *L. Floyd Hess*, for appellant.—The plaintiff's statement is sufficient, and even if it was not, the action of the defendants in alleging a defense on the merits, and moving to open the judgment, instead of applying to have it stricken off, was a waiver of all irregularities and defects : Com. v. Gruver, 13 Pa. Superior Ct. 553 ; Huston Twp. Co-operative Mut. Fire Ins. Co. v. Beale, 110 Pa. 321 ; Treasurer of Division, etc., v. Keller, 23 Pa. Superior Ct. 135 ; Hays v. Com., 14 Pa. 39.

On defense on the merits was shown : Pfaff v. Thomas, 3 Pa. Superior Ct. 419 ; Hirschlan v. Krechman, 20 Pa. Superior Ct. 227 ; Lockard v. Keyser, 18 Pa. Superior Ct. 172 ; Heilner v. Falls Coal Co., 9 Pa. Superior Ct. 78 ; Shenk v. Hacker, 3 Pa. Superior Ct. 439.

The default of the defendant has not been excused : Brennan v. Plymouth Twp., 31 Pa. C. C. Rep. 417 ; Boies v. Scranton, 1 Lack. Jur. § 204 ; Anderson v. Mergelkamp, 8 Del. Co. Rep. 586 ; Chase v. Swain, 9 Cal. 130 ; Shearman v. Jorgensen, 106 Cal. 483 (39 Pac. Repr. 863) ; Thompson v. Harlow, 150 Ind. 450 (50 N. E. Repr. 474).

*B. W. Davis*, with him *G. J. Clark*, for appellees, cited : Sterling v. Ritchey, 17 S. & R. 263 ; Davidson v. Miller, 204

Pa. 223 ; Com. v. Geesey, 1 Pa. Superior Ct. 502 ; Hunter v. Forsyth, 205 Pa. 466 ; O'Brien v. Sylvester, 12 Pa. Superior Ct. 408.

OPINION BY ORLADY, J., May 14, 1906:

The court below, after a fair consideration of all the facts in this case, decided that it would be unjust to allow the plaintiff to assert a judgment which apparently had been regularly secured.

The Act of April 21, 1846, P. L. 413, provides for a procedure to secure judgment which is radically different from that in the practice Act of May 25, 1887, P. L. 271.

It was conceded by counsel for the defendant that they were misled in relying on the general practice prescribed by the act of 1887. The summons issued by the plaintiff was in its general form in assumpsit, without reference to the fact that it was a proceeding under the particular act of 1846, and when judgment was entered technically in accordance with that act a petition was presented the same day to open it, in which the court was fully advised of certain defects in the statement, and a good defense was succinctly alleged so as to move the court to make the order of which the plaintiff complains.

Appellate courts do not look with leniency upon acts of omission of duty by counsel which tend to delay the plaintiff in securing his just demands, but they are always disposed to guard the records from unjust judgments. This is especially so where the rights of a surety are involved.

An inspection of this record clearly relieves the defendant's counsel from any designed attempt to delay the disposition of the case, and there was nothing in the summons issued by the plaintiff to disclose that this action of assumpsit was founded upon a tax collector's bond, or against a defaulting public officer, under the act of 1846 and the act of 1857. While it is not necessary that the summons should so show when, as in this case, a valid defense is interposed, the record as made by the plaintiff may be of avail in moving the court to open a judgment which has, either by design of the plaintiff or inadvertence of the defendant, been inconsiderately entered.

No unvarying rule can be laid down in such cases for the action of the court below, but when, after full consideration

of the whole case, the result reached is approved by our own sense of justice and right, we will not interfere with its conclusions which are largely discretionary.

Authority for so holding is found in very many of our cases, the recent ones being Davidson v. Miller, 204 Pa. 223, Hunter v. Forsyth, 205 Pa. 466, and O'Brien v. Sylvester, 12 Pa. Superior Ct. 408.

The judgment is affirmed.