# Spiess, Appellant, *v.* Mooney.

*Appeals—Opening judgment—Judgment—Discretion of court—Record.*

An application under the Act of May 20, 1891, P. L. 101, giving the right of appeal from orders opening judgments of any kind, whether entered by amicable confession upon warrant of attorney, or otherwise, is an equitable proceeding addressed to the discretion of the court. The judge to whom the application is addressed, acts as a chancellor, and the appellate courts will examine the record only to determine whether this discretion has been properly exercised.

In reviewing an order opening a judgment, the appellate court will reverse only for an abuse of discretion.

Submitted Oct. 15, 1916.   Appeal, No. 118, Oct. T., 1916, by plaintiff, from order of Municipal Court of Philadelphia Co., June T., 1914, No. 486, opening judgment in case of C. William Spiess, trading as Lewis A. Taulane, agent, v. Katharine Mooney & David Hyde, individually, and trading as Madam Katharine Ladies' Tailoring Company.   Before ORLADY, P. J., HENDERSON, PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment.

The depositions in support of the rule show that suit was begun in assumpsit for rent at a time when Katharine Mooney was away from her home, that papers were served on David Hyde, who was illiterate, and did not understand them, that on Mrs. Mooney's return, he gave her the papers, and then defendants discovered for the first time that judgment had been entered against them, that plaintiff had interfered with defendant's business of tailoring on the demised premises, that after the business was ruined defendants tendered an amount proper for the rent due, with notice of intent to remove from the premises.

*Error assigned* was order opening judgment.

*Wm. C. Alexander, Jr.,* and *James A. Walker,* for appellant.

*John N. Landberg,* for appellee.

OPINION BY ORLADY, P. J., December 18, 1916:

It has been frequently decided that an application under the Act of May 20, 1891, P. L. 101, giving the right of appeal from orders opening, vacating or striking off, etc., judgments of any kind, whether entered by amicable confession upon warrant of attorney, or otherwise, is an equitable proceeding addressed to the discretion of the

9, (1917).]            Opinion of the Court.

court. The judge to whom the application is addressed, acts as a chancellor, and the appellate courts examine the record only to determine whether this discretion has been properly exercised. It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but that every case where there is a conflict of testimony must be sent to a jury: Jenkintown National Bank's Appeal, 124 Pa. 337; Blauvelt v. Kemon, 196 Pa. 128; Kelber v. Pittsburgh National Plow Co., 146 Pa. 485; Stephan v. Hudock, 4 Pa. Superior Ct. 474; O'Brien v. Sylvester, 12 Pa. Superior Ct. 408; Rehm v. Frank, 16 Pa. Superior Ct. 175; Duffy v. Kaufman, 18 Pa. Superior Ct. 362.

"The measure of proof required to send a case to the jury cannot be defined by rule, but it may be said that while a mere conflict of evidence is not generally sufficient, the defendant should be allowed a trial where he has shown by a preponderance of evidence, sufficient to sustain a verdict in his favor, that he has a just defense": Kaier v. O'Brien, 202 Pa. 153.

The depositions taken in this case clearly warranted the court below in exercising its discretion in the manner it did, and the order opening the judgment is affirmed.