## Leonard v. Warfield, Appellant.

*Judgment—Opening judgment — Discretion — Construction — Notice.*

On an appeal from an order refusing to open judgment the appellate court is confined to ascertaining whether there has been an abuse of discretion on the part of the lower court.

A judgment will not be opened as to one of two defendants, on the ground that the plaintiff in the judgment had constructive notice that such defendant was a surety, where no fraud is shown, and the record presents merely an ordinary transaction of the discount of successive notes.

The application of the doctrine of constructive notice is generally the result of bad faith on the part of the party charged with notice.

Argued April 17, 1918.  Appeal, No. 29, April T., 1918, by defendant, from order of C. P. Westmoreland Co., Nov. T., 1915, No. 236, discharging rule to open judgment in case of A. L. Leonard, Cashier, v. Samuel Warfield and J. P. Baughman.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Rule to open judgment.  Before COPELAND, P. J., specially presiding.

*Error assigned* was order discharging rule to open judgment.

*Charles C. Crowell* for appellant.—A defendant who is surety is under no obligation to give the holder of a judgment, notice of his relation as surety: Owen's App., 11 W. N. C. 488, followed; Kirby v. Coolbaugh, 7 Pa. Superior Ct. 91.

*Robt. W. Smith,* with him *H. V. Rowan* and *Jas. S. Moorhead,* for appellee.—The appellee was warranted in concluding, in the absence of express notice to the contrary, when the appellant signed a several obligation as security for the loan to be made, that he was willing to assume all of the obligations arising therefrom: Burson v. Kincaid, 3 P. & W. 57; Miller v. Miller, 4 Pa. 317; Yard v. Patton, 13 Pa. 278.

OPINION BY WILLIAMS, J., July 10, 1918:

This was a petition to open judgment entered upon a joint and several judgment note of the following tenor: "Jeannette, Pa., March 29, 1915.  Ninety days after date I, we or either of us promise to pay to the order of A. L. Leonard, Cashier at Glass City Union Deposit Bank, Jeannette, Pa., Three Hundred Dollars without defalca-

tion, value received (then follows power of attorney to confess judgment) Sam'l Warfield, J. P. Baughman."

The petition averred that Baughman was a surety on the note and had been released from liability by an extension of credit to Warfield by the bank. A rule was granted to show cause why the judgment should not be opened.

The answer denied knowledge of or consent to Baughman being a surety.

The commissioner recommended that the judgment be opened, but the court sustained exceptions to his report and discharged the rule.

The commissioner found that "the note represents a loan of $300 by the......bank......of which the plaintiff is the cashier, to the defendants.......Warfield was indebted to Baughman in the sum of $600. Baughman asked Warfield for some money which he was at the time unable to pay. Warfield......applied for a loan of $300 'with Mr. Baughman on the note.' The loan was granted, the original note filled up by the cashier, signed by Warfield, taken to Baughman who signed it, brought back to the bank by Warfield who received the $300 less discount for ninety days. Warfield took $280 of the proceeds to Baughman, who credited it to Warfield. ......At the maturity of the original note a new note was given; the note in suit being probably the sixth given.......At the maturity of the note in suit, June 29, 1915, Warfield......paid $20 on account of the principal debt....... At the same time Warfield paid the bank two months' interest in advance and the maturity of the note was extended for that length of time without giving a new note. This was done without notice to Baughman." The commissioner held that the fact that all the dealings between the parties were with Warfield, coupled with the statement of Warfield at the time of the negotiation "I asked him (Leonard) if he would loan me the money with Baughman on the note," constituted constructive notice of the suretyship.

342, (1918).]          Opinion of the Court.

The court below, in disposing of this conclusion said: "There is no merit in the contention of the petitioner that A. L. Leonard, the payee, had constructive notice of his (Baughman's) suretyship. The mere fact that Samuel Warfield applied for the loan and that the money was paid to him is not sufficient to answer as constructive notice, for A. L. Leonard had the right to rely upon the note itself."

We are confined to ascertaining whether there has been an abuse of discretion: Jenkintown N. Bank v. T. L. Fulmor, 124 Pa. 337; Spiess v. Mooney, 67 Pa. Superior Ct. 9. The court below had the right to draw its own inferences and we see no compelling reason for interfering with its decision. The application of the doctrine of constructive notice is generally the result of bad faith on the part of the party charged with notice, and the record in this case presents an ordinary transaction of the discount of successive notes.

The appeal is dismissed.