## Schrœder v. Hallem, Appellant.

*Appeals—Opening judgment—Judgment—Discretion of court.*

On an appeal from the decree of the court discharging rule to open judgment the appellate court will examine the record only to determine whether the lower court has acted within its proper discretion. It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but that every case where there is a conflict of testimony must be sent to a jury.

Argued Oct. 28, 1918. Appeal, No. 108, October T., 1918, by defendant, from decree of C. P. Clinton Co., April T., 1918, No. 66, refusing to open judgment in the case of W. F. & C. B. Schrœder v. Isaac Hallem. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment. Before McCORMICK, P. J.

From the record it appeared that the defendant leased certain property from the plaintiff on three different

leases. On March 11, 1918, the plaintiffs, by virtue of a warrant of attorney, contained in the second lease, caused a judgment to be entered in the Common Pleas of Clinton Co., to No. 66, April Term, 1918, for $166.68, and $8.33 attorney's commission, with interest from April 1, 1917, for four months' rent. On March 11, 1918, a writ of fieri facias was issued on this judgment and a levy made by the sheriff upon the defendant's personal property. On March 12, 1918, the defendant presented his petition to the court alleging that he owed no rent on said lease and was not indebted to the plaintiff, and that he possessed receipts showing payments to the plaintiffs of all rent accruing to them under the three leases, and asked for a rule to show cause why the judgment should not be opened and he be permitted to make a defense. Whereupon the court granted a rule on the plaintiffs to show cause why the judgment should not be opened. After hearing the court filed an opinion discharging the rule saying, inter alia, as follows:

"However, it appears that the defendant has checks to cover all of the rent excepting three months, and in order to protect him we decree as follows:

"This rule is discharged upon condition that the plaintiffs reduce the amount of their judgment within two days from the entry of this decree, to $124.93 plus an attorney's commission of five per cent. and interest thereon from the first day of April, 1917. Otherwise the rule to be made absolute."

Within the two days the plaintiffs filed their remittitur reducing their judgment in accordance with the order of the court.

*Error assigned* was decree of court.

*J. J. Kintner,* for appellant.

*T. M. Stevenson,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

A judgment was regularly entered in the court below, which the defendant sought to have opened on a petition in which he stated at length his reasons. This was replied to by the defendant, who denied unequivocally the material facts, and on a hearing had before the court, the parties had full opportunity to explain orally their respective contentions. The rule to open the judgment was discharged upon the condition that the plaintiffs reduce the amount of their judgment to a named sum,— otherwise it was to be made absolute. The defendant brings this appeal. The duty of the court in such a case is no longer a matter of doubt. "The judge to whom the application is addressed, acts as a chancellor, and the appellate court examines the record only to determine whether this discretion has been properly exercised. It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but that every case where there is a conflict of testimony must be sent to a jury: Spiess v. Mooney, 67 Pa. Superior Ct. 9, and cases cited.

In this view of the case, it is not necessary to consider the appellee's motion to quash the appeal, and there are no disputed facts.

The judgment is affirmed.