## J. B. Colt Co. *v.* Benjamin, Appellant.

*Appeals—Opening judgment—Discretion of court.*

The right to decide whether a judgment should be opened rests, in the first instance, with the common pleas, and the correctness of its decision is to be passed upon by the appellate courts. The refusal of the court to open the judgment will not be set aside where the findings of the court are sustained by the evidence, and the appellate courts will examine the record only to determine whether there has been any abuse of judicial discretion.

Argued March 4, 1919. Appeal, No. 16, March T., 1919, by defendant, from order of C. P. Lackawanna Co., May T., 1917, No. 179, discharging rule to open judgment in case of J. B. Colt Company v. George E. Benjamin. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Rule to open judgment.

The facts appear in the following opinion by NEWCOMB, J., discharging the rule.

The judgment is founded on confession in defendant's promissory note which was given to secure the price of a generator and associate parts' of a lighting system furnished by plaintiff for use in defendant's house.

The latter moves for relief on the allegation of breach by plaintiff of its covenants for quality. The averment is that the goods were "warranted and guaranteed to be safe and satisfactory." To the contrary thereof it is alleged "the plant allowed the gas to escape in such quantity as to make the operation and use of the same dangerous to health and comfort."

The contract was in writing and the apparatus was therein warranted "to be thoroughly durable Galvanized Steel Acetylene Generator, automatic in action, and of good material and workmanship, and that it is on the permitted list of the National Board of Underwriters."

8, (1919).] Opinion of Court below—Opinion of the Court.

This was not a covenant for satisfactory service; nor indeed was it in express terms a covenant for "safety." But considering the nature of the plant, one would have no hesitation in holding plaintiff to an implied covenant that it could be used for its appointed purpose with reasonable safety.

The trouble with defendant's case is not so much in determining the obligation of the vendor's contract, as in finding adequate proofs to make out the claim of breach. Granting that a gas leak has been shown, there is nothing to trace it to a defect inherent in the merchandise. It is quite as likely to have been due to faulty installation with which plaintiff had nothing whatever to do. On such a showing there would be nothing to submit to a jury; and that is decisive against the relief asked for.

*Error assigned* was the order of the court discharging rule to open judgment.

*L. P. Wedeman,* for appellant.

*Fred E. Beers,* and with him *R. Louis Grambs,* for appellee.

PER CURIAM, July 17, 1919:

The court below refused to open a judgment entered upon the defendant's confession. An examination of the testimony taken clearly establishes that the order of the court is not erroneous. The right to decide whether a judgment shall be opened rests in the first instance with the common pleas, and the correctness of its decision is to be passed upon by the appellate courts. The determination of the court below will not be set aside unless it plainly appears that error has been committed in the result reached: Spiess v. Mooney, 67 Pa. Superior Ct. 9, and cases cited.

The judgment is affirmed.