## Simon v. Wintgens, Appellant.

*Appeals—Opening judgment—Discretion of the court.*

On a petition to open a judgment, the court to whom such an appeal is addressed acts as chancellor, and the appellate court examines the record only to determine whether this discretion has been properly exercised.  The refusal of the court below to open the judgment will not be set aside, where the findings of the court are fully sustained by the evidence.

Argued October 21, 1920.   Appeal, No. 223, Oct. T., 1920, by defendant, from order of C. P. No. 4, Phila. Co., Dec. T., 1919, No. 2960, discharging rule to open judgment in the case of Burton C. Simon v. Charles Wintgens.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Rule to open judgment.
The court discharged the rule.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court discharging the rule to open judgment.

*Albert E. Peterson,* and with him *S. Walter Foulkrod,* for appellant.

*Walter Biddle Saul,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

An amicable action in ejectment was entered by agreement under a lease and judgment entered pursuant to its terms.   A rule on the plaintiff was entered to show cause why the judgment should not be opened and the defendant let into a defense.   After proper pleadings and full hearing, the court discharged the rule.   The judge to whom such an appeal is addressed acts as chancellor, and the appellate courts examine the record only to determine whether this discretion has been properly exercised.   It is a mistake to suppose that a court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but that every case where there is a conflict of testimony must be sent to a jury: Spiess v. Mooney, 67 Pa. Superior Ct. 9.   The refusal of the court below to open the judgment will not be set aside where the findings of the court are sustained by the evidence, and the appellate courts will examine the record only to determine whether

351, (1921).]          Opinion of the Court.

there has been any abuse of judicial discretion: Colt v. Benjamin, 72 Pa. Superior Ct. 8. An examination of all of the testimony justifies the action of the court in discharging the rule, and the judgment is affirmed.