|148  61|
|174  470|

| 148 | 61 |
| e214 | ¹317 |

# Ashman *v.* Weigley, Appellant.

*Procedure act of 1887—Statement in assumpsit—Undenied averments.*

Under the provisions of the procedure act of 1887, the plaintiff's statement, which takes the place of a common law declaration, must, in the action of assumpsit, be replied to by affidavit. Hence whatever averments therein contained are not denied, must, upon a rule for judgment for want of a sufficient affidavit of defence, be taken as admitted.

*Affidavit of defence—Averments not responsive to statement.*

Where plaintiff's statement averred that there was a sum justly due to him by the defendant, and that a copy of plaintiff's book of original entries was annexed, the account annexed being headed, " Mrs. Weigley, Dr.," and the affidavit of defence averred that the items contained in the account were originally charged to " Mr. Weisley," and that thereafter the name was changed to Mrs. Weigley, and went on to further aver that plaintiff had in a former suit filed a copy of his book of original entries, in which the several items claimed in this suit were charged against William W. Weigley and Mary F. Weigley, and that he had filed a mechanics' lien in which the same items were similarly charged, it was

*Held,* 1. That the first point in the affidavit must be taken to be true, and that the necessary inference therefrom is that the original charge to Mr. Weisley was a mistake.

2. That the further averments of the affidavit are not responsive to the plaintiff's statement, since it does not appear that the account was chargeable to these persons, or that any part of it was recovered from them.

3. No denial of the indebtedness clearly and concisely set out in the statement being made, the affidavit is insufficient, and the rule for judgment was properly made absolute.

*Right of action—Mistake of party—Plaintiff not prejudiced thereby.*

A mere mistake on the part of the plaintiff in charging goods to the wrong person will not discharge the real debtor. By such mistake the plaintiff does not lose his right of action against the person to whom and at whose request he furnished his materials and labor : Fritz v. Hathaway, 135 Pa. 274, distinguished.

Argued Jan. 29, 1892. Appeal, No. 111, Jan. T., 1892, from judgment for plaintiff, Charles T. Ashman, of C. P. No. 4, Phila. Co., Sept. T., 1891, No. 546, against Mary F. Weigley, for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover for work and materials furnished.

Plaintiff's statement sufficiently appears by the opinion of the Supreme Court.

The affidavit of defence filed by defendant was as follows:

" Deponent is informed and believes and expects to be able to prove on the trial of this case that the paper annexed to the plaintiff's statement filed in this suit, and marked ' Exhibit A,' is not a copy of plaintiff's original book entries. That in the plaintiff's book of original entries, of which said paper is stated to be a copy, the items therein contained were not originally charged to or against this deponent, but were charged against one Mr. Weisley. That since the said entries were made, the word ' Mr.' has been altered to ' Mrs.,' and the name ' Weisley ' has been altered to ' Weigley,' and deponent is informed and believes and expects to be able to prove that said alterations were made many days after the original entries.

" Deponent further says that in a certain suit formerly pending in court of common pleas No. 2, for the county of Philadelphia, brought by the plaintiff against this deponent and William W. Weigley, of March term, 1891, No. 859, the said plaintiff, on the sixteenth day of May, 1891, made oath to a statement of his demand in said suit, wherein he swore that the items in a copy of book entries thereto annexed, being the same items in the said paper filed in this suit, were a copy of his book of original entries and in said last mentioned alleged copy of original book entries, the said items were charged, not to this deponent, but to William W. Weigley and Mary F. Weigley.

" And deponent further says that in a certain mechanics' lien claim, filed by the plaintiff on the 15th day of April, 1891, in court of common pleas No. 1, for the county of Philadelphia, of March term, 1891, No. 254, the plaintiff inserted a bill of particulars, claiming for the same items contained in the said paper filed in this suit, and in which bill of particulars the said items were set forth as charged against William W. Weigley, and one Mary J. Weigley, and in said mechanics' lien claim the said work and labor represented by said items were expressly averred to have been done at the request of the said William W. Weigley and Mary J. Weigley.

" Wherefore deponent says that although deponent has a just and legal defence to the demand of the plaintiff in this suit, yet deponent believes and is advised by counsel and submits to the court that the plaintiff's statement and alleged

copy of book entries filed is such that judgment by default for want of an affidavit of defence could not be entered in this suit. All of which deponent believes and expects to be able to prove on the trial of this suit."

The court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defence, and defendant took this appeal.

*Error assigned* was the action of the court in making the rule absolute.

*John H. Colton*, for appellant.

*Charles H. Downing*, *James R. Booth* with him, for appellee.

OPINION BY MR. JUSTICE HEYDRICK, March 28, 1892:

The procedure act of 1887 made a material change in the affidavit of defence law. By its express terms the plaintiff's statement, which takes the place of a common law declaration, must, in the action of assumpsit, be replied to by affidavit. Hence, whatever averments therein contained are not denied must, upon a rule for judgment in default of a sufficient affidavit of defence, be taken as admitted. In the present case the plaintiff's statement is concisely drawn and sets out a good cause of action. It "avers that there is justly due to him (the plaintiff) by the defendant, Mary F. Weigley, the sum of $215.61, and interest from Nov. 8, 1890. The said amount is due for paper hangings, mouldings, scraping walls, tinting centre-piece, hanging paper, putting on moulding and brackets, at 2226 Trinity Place, at the request of the said Mary F. Weigley, from Oct. 3, 1890, to Nov. 8, 1890," and that a copy of plaintiff's book of original entries of the work and material is annexed. To this statement is annexed an account headed " Mrs. Weigley, Dr.," containing a large number of items making up the sum of $215.61, claimed by the plaintiff. The affidavit of defence does not deny a single averment in the statement, or that any one of the items contained in the account was chargeable to her. It must, therefore, be taken as admitted that the sum claimed is due from the defendant to the plaintiff for and on account of the several items of the labor and materials specified in the account. What the affidavit of defence does aver is, that the items contained in the account were originally charged to or against one Mr. Weisley,

and that many days thereafter the name was changed to " Mrs. Weigley." These averments must also be taken to be true. The necessary inference from the several averments of the statement and affidavit of defence thus assumed to be true is, that the original charge to " Mr. Weisley " was a mistake. But it cannot be supposed that by such mistake the plaintiff would lose his right of action against the person to whom, and at whose request, he furnished his materials and labor. There is nothing in Fritz v. Hathaway, 135 Pa. 274, relied upon by the appellant, to justify the contention that a mere mistake in charging goods to the wrong person would discharge the real debtor. In that case the copy of the book account, which was said to be a necessary appendix to the statement, did not, upon its face, import a liability on the part of the defendant, and there were no such " categorical averments " as cured that defect.

The further averments in the affidavit of defence that the plaintiff had, in a former suit, filed a copy of his book of original entries, in which the several items claimed in this suit were charged against William W. Weigley and Mary F. Weigley, and that he had filed a mechanics' lien in which the same items were charged against William W. Weigley and Mary J. Weigley, are not responsive to the plaintiff's statement, since it does not appear that the account was chargeable to these persons, or that any part of it was recovered from them. Presumably these were abortive attempts to collect the debt which this defendant owes. If she was not indebted to the plaintiff as claimed in the statement, it would have been easy to say so. No denial of the indebtedness clearly and concisely set out in the statement being made, the rule for judgment was properly made absolute.

Judgment affirmed.