# Rehm *v.* Frank.

*Judgment—Opening judgment—Statute of limitations—Payment of interest.*

The court will not open a judgment to permit the defendant to plead the statute of limitations where it appears by uncontradicted evidence that there had been payment of interest prior to the entry of the judgment, which had stopped the running of the statute.

*Contract—Consideration—Agreement to charge less interest.*

A payment of interest that is due is not a sufficient consideration to support a promise to exact less than the legal rate in the future.

An agreement to take a less rate of interest than that which had been previously paid, is not established by the testimony of a witness who stated that when she was paying the interest, the creditor said that "he only wanted five per cent; he could not get more than that in the bank; he could not get that, and he was satisfied."

*Evidence—Oral admissions—Death of party making admissions.*

All oral admissions ought to be received with caution, and especially is this so in a case where the party who is alleged to have made them is dead, and a long period of time has elapsed.

*Judgment—Opening judgment—Laches—Chancery powers of court.*

An application to open a judgment is an equitable proceeding in which the court acts as a chancellor, and is controlled by equitable principles. Gross laches is a circumstance of great and sometimes controlling weight, and cannot properly be ignored by a court exercising the powers of a court of chancery.

The law does not absolutely fix any period of time within which a defendant must move to open a judgment, but delay long persisted in, after knowledge of all the facts, always casts greater or less doubt on the bona fides of the defense set up, and gives weight and probability to the evidence adduced to rebut it.

The court will not be reversed for refusing to open a judgment where the defendant has delayed for fourteen years to make an application to open it, where the plaintiff is dead, and the testimony relied upon consists entirely of indefinite oral admissions by the plaintiff, and the defendant does not specify by date, amount or other circumstance a single payment for which he had not been credited, and where at the time judgment was entered it was positively averred of record that no payments had been made on the note except such as were credited.

Argued Dec. 6, 1900. Appeal, No. 213, Oct. T., 1900, by defendant, from order of C. P. Schuylkill Co., May T., 1884, No. 91, discharging rule to open judgment in case of J. F.

176    REHM v. FRANK.

Statement of Facts—Opinion of the Court.   [16 Pa. Superior Ct.

Rehm, administrator d. b. n. of George Rehm, deceased, v. John Frank.   Before RICE, P. J., BEAVER, ORLADY, W. W. POR-TER and W. D. PORTER, JJ.   Affirmed.

Rule to open judgment.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*J. H. Filbert*, with him *A. A. Vosburg*, for appellant.—It is the right of a defendant in a judgment confessed against him by a warrant of attorney to have it opened, where he shows a legal or equitable defense which existed at or before the time of entry: Wise's App., 99 Pa. 195; Stockwell v. Webster, 160 Pa. 473; Heist v. Tobias, 182 Pa. 442.

Where defendant shows a prima facie defense, the judgment should be opened: Murphy v. Watrous, 1 C. P. 123; Heilner v. Falls Coal Co., 9 Pa. Superior Ct. 78; Wilson's App., 109 Pa. 606; Jenkintown National Bank's App., 124 Pa. 337; Coffin v. Stonebrenner, 1 L. V. 93; Saunder's App., 19 W. N. C. 507; Kneedler's App., 92 Pa. 428.

*J. Franklin Rehm*, with him *James F. O'Hara* and *A. W. Schalck*, for appellee.—The evidence was insufficient to justify the court in opening the judgment: Jenkintown National Bank's App., 124 Pa. 337; Kelber v. Pittsburg Plow Co., 146 Pa. 491; Blauvelt v. Kemon, 196 Pa. 128; Walsh v. Ashford, 9 Pa. Superior Ct. 566; Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122; Pennsylvania Co. v. Shanahan, 10 Pa. Superior Ct. 267; Kistler v. Scheirer, 10 Pa. Superior Ct. 220; Applebee's App., 126 Pa. 385.

OPINION BY RICE, P. J., January 22, 1901:

On March 17, 1884, upon the application of the administra-trix of George Rehm, the court entered judgment against the defendant upon a promissory note, with confession dated Jan-uary 1, 1874.   The application was accompanied by an affidavit of the administratrix that the whole amount of the note with interest, less the amount of three payments of interest, the dates

of which were given, was due and unpaid. The court in its order directed that the credits specified in the affidavit be noted. Thereafter the defendant made payments from time to time, all of which were credited in the judgment of revival, which was entered for the sum of $1,519.50, on two returns of nihil on January 31, 1898. On March 14, 1898, the defendant moved the court to open the last mentioned judgment, alleging in his petition " that there is now due and owing upon said claim the sum of $516.40, the balance of said judgment, to wit: $1,003.10 having been paid by said defendant at divers times and in divers amounts, for all of which payments he holds plaintiff's receipts." A rule to show cause was granted, the present administrator filed an answer denying the foregoing allegations of the petition, and depositions were taken. In October, 1899, the court discharged the rule, from which order an appeal was taken to the Supreme Court, which was subsequently certified to this court. See No. 47, October term, 1900.

In March, 1900, the defendant applied for, and obtained, a rule to show cause why the original judgment should not be opened. In his petition he alleged " that the claim was outlawed before the entry of judgment thereon; " that in September, 1883, in consideration of the sum of $80.00 paid to George Rehm, the payee in the note, the latter agreed to charge only five per cent interest from that time; and that said payment of $80.00 was in full payment of all interest up to January 1, 1884. The plaintiff filed an answer distinctly and unequivocally denying the foregoing allegations. The other disputed allegations of the petition need not be noticed further than to say that they are not sustained by the evidence.

The material questions thus raised are, first, as to the bar of the statute of limitations; second, as to the agreement to charge but five per cent interest; third, as to the payment of the interest up to January 1, 1884.

. The defendant's first contention cannot be sustained, because by the uncontradicted evidence, and his own admission, payments were mad᾽ between the date of the note and the entry of judgment which stopped the running of the statute. To have opened the judgment to enable him to plead the statute would have availed him nothing.

His second contention, if sustained, involves the proposition

178    REHM v. FRANK.

that a payment of interest that is due is a sufficient considera-
tion to support a promise to exact less than the legal rate in
the future.    To state the proposition is to answer it.    More-
over, the evidence fails to sustain the allegation of the petition.
All that the witness says is, that, at the time she made the pay-
ment for the defendant, George Rehm said to her, that "he
only wanted five per cent, he could not get more than that in
the bank, he could not get that, and he was satisfied."    This
fails to establish the agreement alleged in the petition.

In considering the third question above suggested, it is to
be noticed that there is a sworn answer unequivocally denying
the allegation made in the defendant's petition that the inter-
est was paid up to January 1, 1884.    The only competent evi-
dence tending in any degree to sustain that allegation is that
of Kate Small, a daughter of the defendant.    She testified
that, at the interview above referred to, George Rehm said to
her, "This money straightens the interest, now we are straight."
This was in August or September, 1883.    George Rehm died a
few months afterwards, therefore this assertion could not be
contradicted by direct testimony.    There are, however, other
significant facts which tend very strongly to repel the infer-
ence which the defendant asks the court to draw from the
alleged conversation, which the witness attempted to repeat
more than fifteen years after it occurred.    Before alluding to
these facts, we remark with respect to all oral admissions, that
they ought to be received with caution.    Especially is this so
in a case where the party who is alleged to have made them is
dead and so long a period of time has elapsed.    "The evidence,
consisting as it does in the mere repetition of oral statements,
is subject to much imperfection and mistake; the party him-
self either being misinformed, or not having clearly expressed
his own meaning, or the witness having misunderstood him.
It frequently happens, also, that the witness, by unintention-
ally altering a few expressions really used, gives an effect to
the statement completely at variance with what the party ac-
tually did say:" 1 Greenleaf on Evidence, (16th ed.) sec. 200.
The pertinency of these remarks to the present case will become
apparent when some of the facts are mentioned.    In the first
place, the defendant swears that between January 1, 1874, and
May 1, 1884, he made payments "on the interest but not on

the principal," and it appears that he paid $65.00 on December 31, 1883. If, as he now contends, the alleged payment in August or September, 1883, was in full of the interest up to January 1, 1884, why did he make this payment of interest in December, 1883 ? This has not been satisfactorily explained. Again, he swore in his first petition that he held receipts for all his payments ; he admits in this deposition that he has lost none of his receipts ; and yet it appears that every payment for which he produces a receipt he was duly credited in the entry of the original judgment. Moreover, excepting the alleged payment in August or September, 1883, he does not undertake to specify, either by date, amount or other circumstance, a single payment for which he was not credited. · Further, although the record of the original payment showed a distinct averment by the plaintiff that only three payments had been made on the note prior to its entry, and although the defendant made payments from time to time thereafter, he made no attempt to have the judgment opened until after a lapse of fourteen years.

It is to be borne in mind that an application to open a judgment is an equitable proceeding.     The court acts as a chancellor, and is controlled by equitable principles.   Gross laches is a circumstance of great, and sometimes controlling weight, and cannot properly be ignored by a court exercising the powers of a court of chancery.   The law does not absolutely fix any period of time within which a defendant must move to open a judgment, but delay long persisted in after knowledge of all the facts always casts greater or less doubt on the bona fides of the defense set up, and gives weight and probability to the evidence adduced to rebut it.   We do not say that the defendant's laches absolutely debarred him from claiming equitable relief ; it is clear, however, that it has the effect of casting great doubt upon, if not conclusively discrediting, his contention that the interest was paid up to January 1, 1884.   We find nothing in the plaintiff's letters to corroborate that contention.   The most that can be claimed for them is that he offered to throw off part of the claim, if the defendant would give a new note at five per cent interest.

We deem it unnecessary to go further into detail in reviewing the evidence.   After a careful consideration of all of it, in connection with the facts disclosed by the record, we cannot

say that the discretion vested in the court below was not rightly exercised.

The order is affirmed and the appeal dismissed at the costs of the appellant.

## Rehm *v.* Frank.

Argued Dec. 6, 1900. Appeal, No. 47, Oct. T., 1900, by defendant, from order of C. P. Schuylkill Co., Jan. T., 1898, No. 377, discharging rule to open judgment in case of J. F. Rehm, administrator d. b. n., of George Rehm, deceased, v. John Frank. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Opinion by Rice, P. J., January 22, 1901: