# Whitecar *v.* Supreme Castle Knights of Golden Eagle, Appellant.

*Appeals—Judgment—Opening judgment—Discretion.*

The application under the Act of May 20, 1891, P. L. 101, giving right of appeal from orders opening, vacating, or striking off, etc., "judgments of any kind whether entered by amicable confession, upon warrant of attorney, or otherwise," is an equitable proceeding addressed to the discretion of the court. The judge to whom the application is addressed acts as a chancellor and the appellate courts will examine the record only to determine whether his discretion has been properly exercised.

The discretion of the lower court in refusing to open a judgment entered for want of an affidavit of defense, will not be reviewed where it appears that no step was taken to open the judgment until nearly four months after its entry, and after execution had issued, and the only ground alleged was the purely technical one that the word "Grand" had had been used instead of the word "Supreme" in the name of the corporation defendant in the caption of the case.

Argued Oct. 15, 1901. Appeal, No. 64, Oct. T., 1901, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1900, No. 689, discharging rule to open judgment in case of Caroline Whitecar v. The Supreme Castle Knights of Golden Eagle. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

Defendant filed the following answer to the rule to open judgment.

S. Morris Waln, being duly affirmed according to law, says that he is the attorney of record for the plaintiff in the above case, that prior to the commencement of this suit the defendant referred him to Frank A. Hartranft, Esq., as its attorney. That he consulted the said Frank A. Hartranft, Esq., from time to time before and after suit. That the said Frank A. Hartranft, Esq., refused and neglected to enter his appearance of record. That on August 27, 1900, a true copy of plaintiff's statement and rule to file an affidavit of defense in fifteen days, filed of record in the above case, was served on A. C. Lyttle, the secretary and Supreme Master of the Records of defendant at 814 North Broad street, Philadelphia, which statement and rule deponent believes was by defendant at once delivered to its said attorney. That the said statement so filed and served claimed that the sum of $1,000 was justly due by the defendant, the Supreme Castle Knights of the Golden Eagle, to the plaintiff upon a certificate of membership issued by it on the life of her husband. A copy of said certificate was annexed to the statement, marked Exhibit "A"

The statement in the caption, or title, contained the name of plaintiff, the correct number, term and court, but by an error of the typewriter the word "Grand" instead of the word "Supreme" was used in the name of defendant in the caption only.

On the 15th day after said statement had been filed and served the defendant by its Supreme Master of the Records, A. C. Lyttle, filed a plea in abatement, that the statement was filed against the Grand Castle, etc., and not against the Supreme Castle, etc.  The error related to the caption only. The statement was correct in all respects and referred to the Supreme Castle and claimed the sum of $1,000 due by it on its written contract duly executed by it and thereto annexed, and was duly filed in the case wherein the said Supreme Castle was defendant.

On September 13, 1900, the plaintiff caused a rule to be entered to amend the said caption of said statement by striking out the word " Grand " and inserting the word " Supreme " so that the said caption should read, " The Supreme Castle Knights of the Golden Eagle."  Said rule was duly served on said A. C. Lyttle, secretary of defendant, on September 13, and was on October 1, after argument, made absolute by the court.

On September 13, the plaintiff also caused a rule to be entered to strike off the said plea.  Said rule was duly served on said A. C. Lyttle on the same day and was on October 1, after argument, made absolute by the court.

That the defendant and its attorney well knew that said rules were made absolute by the court.  Deponent met the said Frank A. Hartranft in the public buildings, shortly after October 1, 1900, and informed him that both rules had been made absolute by the court and asked him if the money due plaintiff would be paid.  The said Frank A. Hartranft replied that the defendant was not a corporation and that plaintiff could not collect the money by legal process or words to that effect.

On October 15, thirty days after plaintiff's statement and rule to file an affidavit of defense was duly filed and served as aforesaid, exclusive of the time of the plea in abatement stricken off as aforesaid, the plaintiff applied to the prothonotary and entered a judgment against defendant for the amount due by it to plaintiff on its contract, to wit: $1,018, as was well known by defendant.  On January 29, 1901, plaintiff issued a fi. fa.

Deponent admits that plaintiff did not file a second statement, and avers that the statement filed was correct in all respects, that the mistake in the caption thereof by using the

634 WHITECAR *v.* S. C. KNIGHTS OF G. E., Appellant.

Statement of Facts—Opinion of the Court. [18 Pa. Superior Ct.

word " Grand," instead of the word " Supreme," was not material, and in no way affected the statement itself.

That the defendant, as shown by plaintiff's statement, received and collected all dues and received and collected all death benefit funds, and alone has the custody and control over the same. That the contract or certificate sued on was duly executed by the officers of the defendant and the seal of the Supreme Castle Knights of the Golden Eagle thereto affixed. That plaintiff could not sue an officer or a committee individually on said contract, as suggested by the defendant, and has no knowledge of the persons who acted on said committee from time to time by the authority of defendant.

The court discharged the rule.

*Error assigned* was the order of the court.

*Frank A. Hartranft*, for appellant.

*S. Morris Waln*, for appellee.

. . .

OPINION BY ORLADY, J., January 21, 1902:

The appellant admits that the questions raised by this appeal are purely technical. The summons was regularly served on August 22, 1900, and after a rule to amend the statement and another rule to strike off a plea in abatement had been made absolute, a judgment, for want of an affidavit of defense, was entered on October 15. A writ of fi. fa. was issued on January 29, 1901, and on February 5, a petition for a rule to stay execution, to open the judgment and let defendant into a defense was presented, which rule was discharged on February 25, and from this order the appeal is taken. The plaintiff's affidavit which was filed in answer to the last rule discloses sufficient reason for the action of the court.

The application under the Act of May 20, 1891, P. L. 101, giving a right of appeal from orders opening, vacating, or striking off, etc., " judgments of any kind whether entered by amicable confession, upon warrant of attorney, or otherwise," is an equitable proceeding addressed to the discretion of the court. The judge to whom the application is addressed acts as a chancellor and the appellate courts will examine the record only to

determine whether his discretion has been properly exercised: Kelber v. Pittsburg Nat. Plow Company, 146 Pa. 485; Smith v. Times Publishing Co., 178 Pa. 481; Stephan v. Hudock, 4 Pa. Superior Ct. 474; O'Brien v. Sylvester, 12 Pa. Superior Ct. 408; Rehm v. Frank, 16 Pa. Superior Ct. 175. No abuse of discretion is shown in the refusal of the court to stay the fi. fa. and open the judgment so as to let the defendant into a defense so tardily asserted.

The judgment is affirmed.