## Goldstein, Appellant, *v.* Fritzius.

*Practice; C. P.—Rules of court—Bill of particulars—Judgment—Opening judgment—Appeals.*

1. Where a rule of court provides that the plaintiff may rule the defendant to furnish him with a bill of particulars of his defense, or in default thereof after twenty days after notice, judgment "may be entered against the defendant," and the rule further provides that on the trial the defendant shall be confined to the defense he may have set up in the answer to the rule, the plaintiff has no authority to pass upon the sufficiency of the answer filed by the defendant, and, if he thinks it insufficient, to enter a judgment by default.   The sufficiency of the answer must be determined by the court.

2. Where a petition of a defendant in a judgment prays for the opening or striking off of the judgment, and the court at first grants a rule to

strike off, such rule may subsequently be amended by making it a rule to open or strike off.

3. In such a case if the court makes absolute the rule to open the judgment, the plaintiff may appeal from the order under the Act of May 20, 1891, P. L. 101.

Argued April 15, 1909.    Appeal, No. 25, April T., 1909, by plaintiff, from order of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 181, making absolute rule to strike off judgment in case of Nathan Goldstein v. George B. Fritzius and William Nolan.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.    Affirmed.

Rule to open or strike off a judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* among others was the order of the court.

*H. M. Scott*, for appellant.—Plaintiff's judgment was valid: Stell v. Moyer, 9 Pa. Dist. Rep. 516; Standard Underground Cable Co. v. Johnstown Tel. Co., 26 Pa. Superior Ct. 432; Lewis v. Keck, 2 Northampton, 345; Dawes v. Wood, 2 Northampton, 80; Reed v. Pedan, 8 S. & R. 263; Curtis v. Hubbell, 8 W. N. C. 367; Hays v. Sample, 1 Pitts, 269; Bank v. Flanigan, 15 Phila. 102; Taylor v. Nyce, 3 W. N. C. 433.

The court had no power to strike off plaintiff's judgment: Johnson v. Ins. Co., 218 Pa. 423; Western Nat. Bank v. Cotton Oil & Fiber Co., 35 Pa. Superior Ct. 47.

The action of the court in changing defendants' rule to strike off into a rule to open plaintiff's judgment, after said rule to strike off had been argued, and without prior notice to plaintiff, and subsequently making said rule to open plaintiff's judgment absolute, was an abuse of judicial discretion: Long v. Morningstar, 212 Pa. 458; Stevens v. Ross, 1 Cal. 94; Humphrey v. Tozier, 154 Pa. 410.

*Joseph F. Mayhugh*, for appellees.—The right to a bill of particulars under rule No. 119 and under the practice in the courts in Allegheny county is only by grace and is a matter for the

determination of the court: Furbush v. Phillips, 2 W. N. C. 198; Glaser v. Lewis, 14 W. N. C. 223; Harding v. Bunnell, 14 Pa. C. C. Rep. 417.

There was no abuse of judicial discretion on the part of the court in opening the judgment: Allen v. Krips, 119 Pa. 1.

A judgment entered while a rule for a bill of particulars is pending will be stricken off: Pfaelzer v. Pullman Palace Car Co., 2 W. N. C. 324.

The court had power of its own volition to amend the rule in this case: Luzerne County v. Miller, 12 Luzerene L. R. 112.

Every court is the best judge of its own rules: Coleman v. Nantz, 63 Pa. 178; Livingston v. Kerbaugh, 30 Pa. Superior Ct. 534.

OPINION BY PORTER, J., October 11, 1909:

The plaintiff appeals from an order of the court below opening a judgment entered against the defendants for alleged failure to comply with a rule of that court. The rule in question is in the following language: "In actions of assumpsit and trespass, the plaintiff may, at any time before the cause is put on the trial list, and thereafter by leave of court, rule the defendant to furnish him with a bill of particulars of his defense. And in default thereof, for twenty days after notice, judgment may be entered against the defendant on proof of notice and default; and on trial the defendant shall be confined to the defense he may set forth in the answer to the rule, unless amendment be allowed by the court for cause shown." There was also a rule of the court below providing for the entry of judgments by default, generally, viz.: "Judgments by default shall be entered by the prothonotary on præcipe of the party entitled thereto, or his attorney, which præcipe shall be filed." The plaintiff brought an action of trespass against the defendants on May 2, 1907, the writ being returnable to the first Monday of the same month, and the summons was served on May 3, 1907. An appearance was duly entered for the defendants and, on May 13, the plaintiff entered a rule on the defendants to furnish a bill of particulars of their defense "within twenty days, or judgment according to rule;" and a copy of

this notice was served on the attorney for the defendants on the following day. The attorney for the defendants, on May 31, 1907, filed in the court an answer to this rule and at the same time filed a plea of not guilty, as required by the procedure act of 1887. The plaintiff assumed the authority to adjudge as insufficient the answer to the rule filed by the defendants and, on June 11, 1907, filed with the prothonotary a præcipe stating that the defendants had failed to comply with the requirements of the rule above quoted and directing the entry of judgment against the defendants, in default, and that officer did enter a general judgment in favor of the plaintiff and against the defendants.

The defendants, after the expiration of the term at which the judgment was entered, presented to the court below their petition, verified by affidavit, setting forth that they first learned of the entry of this judgment by default on February 6, 1908. This petition set forth facts which, if true, constituted a complete defense to the cause of action asserted by plaintiff in his statement of claim; and, in addition, averred that the judgment by default had been irregularly entered, that defendants had filed an answer to the bill of particulars as required by the rule of court and that under the law and the rule it was for the court to determine upon a hearing whether that answer was sufficient, and that it was not for the plaintiff, or his counsel, to pass upon the sufficiency of that answer and enter a summary judgment by default. The petition prayed that a rule be granted on the plaintiff to show cause why the judgment should not be opened or stricken from the record and that the defendants be permitted to file a bill of particulars, if under the law and rules of court they were required so to do. The court upon presentation of this petition granted a rule on the plaintiff to show cause why the judgment should not be stricken from the record. The plaintiff filed an answer to this rule not denying any fact set forth in the petition, but asserting that the judgment had been regularly entered and denying the jurisdiction of the court to strike it off. The court, on motion of counsel for defendants, subsequently amended the rule so as to read: "Rule granted to show cause why the judgment at the

above number and term should not be opened or stricken from the record." The plaintiff was served with written notice of this amendment of the rule, but contented himself with objecting and excepting to the amendment, and still declined to make any denial of the facts averred in the petition of the defendants. The plaintiff permitted six weeks after notice to elapse without making any attempt to deny the facts averred in the petition of the defendants to open the judgment, and when the case was reached on the argument list the court made absolute the rule to open the judgment. The plaintiff appeals from this order.

The authority of a court to open a judgment for a default, of the character involved in this case, during or after the term at which the judgment was entered, has been too long and too well recognized to require serious discussion. It is not necessary in this case to consider the question of the power of the court to strike off a judgment the record of which is regular. The court below did not strike off the judgment. The petition presented by the defendants prayed for the opening or striking off of the judgment. The court it is true at first granted a rule merely to strike off, but the petition prayed for the rule to open the judgment, and it was proper for the court to amend the rule, making it a rule to show cause why the judgment should not be opened or stricken off, as prayed for in the petition, which certainly contained sufficient averments to warrant a rule to open the judgment. An application to open a judgment is an equitable proceeding, addressed to the discretion of the court. The appeal which the plaintiff now presents is authorized by the Act of May 20, 1891, P. L. 101, which like the prior Act of April 4, 1877, P. L. 53, allowing an appeal from the refusal to open a judgment entered by confession, leaves undisturbed the discretion of the court in which the judgment is entered; but allows an appeal, in the consideration of which, however, the appellate court will only determine whether the discretion has been properly exercised: Kelber v. Plow Company, 146 Pa. 485, and Pennock v. Kennedy, 153 Pa. 579.

The rule of the court below required that an answer should be filed by the defendants, to the rule entered by the plaintiff for

a bill of particulars.  The defendants did file an answer.  The petition presented by the defendants, praying the court to open or strike off the judgment, squarely raised the question whether, under such circumstances, the plaintiff was vested with authority to pass upon the sufficiency of the answer and, if he thought it insufficient, enter a judgment by default; or whether the sufficiency of such an answer was a question to be passed upon by the court.  The decision of the court below was, in effect, a construction of its own rule; holding that when an answer had been filed to a rule for a bill of particulars, the sufficiency of that answer must in each case be determined by the court, and not by the counsel for the plaintiff.  We are certainly not prepared to say that such a construction of the rule hereinbefore quoted was clearly erroneous.

The order of the court below is affirmed and the record remitted with a procedendo.