# Paist *v.* Spittall, Appellant.

*Practice, C. P.—Opening judgment—Discretion of court.*

1. Where judgment is entered for want of an affidavit of defense or plea, and the defendant takes no action until a month after she discovers that judgment had been entered, and not until an execution had issued, and then takes a rule to strike off the judgment which rule is discharged, and afterwards takes a rule to open giving no reason for delay, except that the statement of claim was insufficient to require an affidavit, the discretion of the court in refusing to open the judgment will not be reviewed by the appellate court.

*Pleading—Statement of claim—Action by physician—Book account.*

2. In an action by a physician to recover for professional services a

statement of claim is sufficient which avers that the plaintiff rendered services to the defendant to an amount stated as shown by copy of book of original entries attached, that the charges were reasonable and proper, and the copy of the book of account attached shows the number and respective dates of the plaintiff's professional visits, and the sum charged for each visit.

Argued Dec. 16, 1913. Appeal, No. 218, Oct. T., 1913, by defendant, from order of C. P. No. 3, Phila. Co., March T., 1913, No. 3,875, discharging rule to open judgment in case of Henry C. Paist v. Eliza S. Spittall. Before Rice, P. J., Henderson, Orlady, Head and Porter, JJ. Affirmed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*David R. Griffith, Jr.,* for appellant.—There was no unreasonable delay: Emerson v. Knight, 1 Phila. 121; Martin v. Hall, 1 Phila. 233; Mathews v. Seidle, 32 Pa. C. C. Rep. 460; Steckel v. Steyer, 1 North County, 363; Ware v. Baldwin, 7 Kulp, 278; Fisher v. O'Donnell, 153 Pa. 619; Trescott v. Building Bank, 215 Pa. 438; Hutchinson v. Woodwell, 107 Pa. 509; Bartoe v. Guckert, 158 Pa. 124; Hinton v. Hart, 1 Woodw. 97; Brandle v. Jones, 2 Woodw. 7; Bleiler v. George, 2 Woodw. 401; Easton Marble Co. v. Desh, 16 Phila. 644; Bright v. McLaughlin, 1 Pa. C. C. Rep. 296; Gerz v. Relief Assn., 15 Pa. Dist. Rep. 992.

There was no proper book of original entries: McKnight v. Newell, 207 Pa. 562; Wilson v. Wilson, 6 N. J. L. 95; German's Est., 14 W. N. C. 192; Jones v. Long, 3 Watts, 325; Barnet v. Steinbach, 1 W. N. C. 335; McGarry's Est., 9 Pa. Dist. Rep. 172; Fulton's Est., 178 Pa. 78; Harbison v. Hawkins, 81 Pa. 142;

Haines' Est., 26 Pa. C. C. Rep. 233; Wall v. Dovey, 60 Pa. 212.

*I. Emanuel Sauder,* for appellee, cited: Foster v. Carson, 147 Pa. 157; Bradshaw Electric S. O. Co. v. Bradshaw, 27 Pa. Superior Ct. 196; Whitecar v. S. C. Knights G. E., 18 Pa. Superior Ct. 631; Zartman v. Spangler, 21 Pa. Superior Ct. 647; Kaier v. O'Brien, 202 Pa. 153.

Opinion by Rice, P. J., March 12, 1914:

The plaintiff, a practicing physician, sued the defendant in assumpsit for a sum alleged to be due him from her for professional services, and, on May 28, 1913, judgment was regularly entered in his favor for want of an affidavit of defense and plea. On July 14 following, the defendant was granted a rule to show cause why the judgment should not be opened and she be allowed to defend. No answer was filed by the plaintiff, and in due course the rule was discharged. This is the only matter assigned for error in this appeal.

The defendant alleged in her petition for the rule, that, upon her informing her attorney of the facts of the case, he advised her that she had a good and legal defense to the whole of the claim and agreed to look after and protect her interests by duly filing an affidavit of defense on her behalf, and that she did not learn that "her interest had not been protected and looked after" until the day after the entry of judgment. Why the attorney did not plead, as well as make and file an affidavit, is not stated. Whether his omission occurred through mere inadvertence, or was intentional because in his legal judgment a plea and affidavit of defense were not required, is an important matter which the petition left wholly to conjecture. Light is thrown on it by the action taken by the defendant when she learned of the judgment. She did not then move promptly to be relieved from the default, but about a month later, after an execution had been issued and

levied on her goods, she obtained a rule to show cause why the judgment should not be struck off. In her petition for that rule she alleged no excuse for the default or for her delay in moving to be relieved from it, except that the statement of claim was insufficient in law to require an affidavit of defense. It was not until after that rule was heard and discharged that the rule to open was applied for. In view of the indefiniteness of the petition therefor in the particular to which we have alluded, and the reason assigned in the petition to strike off, the court was justified in the conclusion that the omission to plead and make and file an affidavit of defense did not occur through mere inadvertence or excusable neglect of counsel, but was intentional, as above stated.

"If a defendant thinks the statement or copy filed does not come within the rule requiring him to file an affidavit, it is the better practice to suggest such fact upon the record. He can then have a decision of the court upon the point. When he decides this question of law for himself, he takes the risk of it being incorrect:" Clarion, etc., R. R. Co. v. Hamilton, 127 Pa. 1. It would establish a bad precedent, to the encouragement of vexatious and unnecessary delay in the collection of debts, to decide, not only that the defendant may hold this question in reserve until after judgment has been entered and costs of execution have been incurred, but also that after the delay incident to the hearing and final disposition of a rule to strike off the judgment he is entitled to have the judgment opened without clearly setting forth in his petition a reasonable explanation of and excuse for his default. Where this piecemeal and dilatory method has been adopted, the court is justified in very critically scrutinizing the application to take off the default. An application to open a judgment regularly taken for want of an affidavit of defense and plea, sustained by a statement of claim sufficient to call for them, is addressed to the equitable power of the court

and should be made promptly, show a reasonable excuse for the default, and set forth a valid defense. Whether there has been unreasonable delay, and whether the explanation of the defendant furnishes a valid and reasonable excuse, are questions to be decided with due regard to the nature and the circumstances of the particular case, and call for the exercise of a sound judicial discretion by the court in which the default occurred. What was formerly an absolute discretion in the court below is now reviewable on appeal, under the Act of May 20, 1891, P. L. 101. But the act did not take away, restrict or prescribe a new rule, governing the discretion of the court, and it is well settled by numerous decisions that in the consideration of the appeal the appellate court will only determine whether the discretion has been properly exercised: Kelber v. Pitts. Nat. Plow Co., 146 Pa. 485; Whitecar v. Knights of Golden Eagle, 18 Pa. Superior Ct. 631; Goldstein v. Fritzius, 41 Pa. Superior Ct. 219. We think it has not been shown here that the discretion vested in the court of common pleas was abused or was not properly exercised in the refusal to open the judgment upon the ground alleged in the petition therefor.

That the plaintiff's statement was sufficient to authorize judgment for want of an affidavit of defense and plea, we entertain no doubt. It alleged that the ·sum claimed was justly due and owing to the plaintiff upon a cause of action as follows: that between June 2, 1907, and July 24, 1911, at the special instance and request of the defendant, he rendered her certain services as a physician at the times and in the amount of $303, as shown by a true and correct copy of his book of original entry; that in payment thereof he had received from the defendant the sum of $36.00, leaving a balance due of $267; that the charges were reasonable and proper for the services rendered; and that neither the whole nor any part of the principal or interest had been paid. These averments, taken in connection with the attached

copy of the plaintiff's book of account, which showed
the number and respective dates of the plaintiff's pro-
fessional visits and the sum charged for each visit, con-
stitute the statement of a good cause of action.  As was
said in Bridgeman Bros. Co. v. Swing, 205 Pa. 479,
"This would have been entirely good as a common
count with bill of particulars under the previous prac-
tice, and no defect has been pointed out as to precision
or certainty of parties and amounts, which would make
it bad in any of the features the procedure act was in-
tended to require."  There being no denial of the aver-
·ment that the copy attached was a true and correct
copy of the plaintiff's book of original entry, that is,
of the book in which he first entered the date of each
visit, it must be taken as admitted: Ashman v. Weigley,
148 Pa. 61.  As pointed out in that and other cases,
the procedure act of May 25, 1887, P. L. 271, made a
material change in the affidavit of defense law.  Under
that act, it is the plaintiff's statement, to which the copy
of book entries is only an appendix or exhibit which may
be helped out by averments, that must be replied to by
affidavit.  Hence, where it is concisely drawn, and the
incompleteness or indefiniteness of the book entries is
helped out by proper averments and nothing is lacking
to give the defendant complete information as to dates,
amounts, reasonableness of charges, and nature of serv-
ices, if the action be for services, the fact which may pos-
sibly be inferable from the copy attached, that the plain-
tiff did not keep his book of original entry in such a way
as to entitle him to put it in evidence on the trial, is no
more conclusive against his right to recover upon the cause
of action set forth in the statement, than would be the
fact that he kept no book at all: Davidov v. Bail, 23
Pa. Superior Ct. 579; Genesee Paper Co. v. Bogert, 23
Pa. Superior Ct. 23.  There is nothing in Fritz v. Hath-
away, 135 Pa. 274, which is the leading case construing
the affidavit of defense provision of the act of 1887, in
conflict with the foregoing conclusion.  It is supported

also by Ashman v. Weigley, 148 Pa. 61; Wanner v. Emanuel's Church, 174 Pa. 466, and other cases. The plaintiff having complied literally with the act of 1887 as to attaching a copy, and having concisely set forth in his statement a good cause of action, it was incumbent on the defendant to reply to it by affidavit and to plead, if she wished to prevent judgment.

The order is affirmed at the costs of the appellant.