Scholnick, Inc., Appellant, v. Canelos.

Argued May 6, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Emil Herskovits,* for appellant.

*R. F. Rowley* and with him *Robert T. Houlden* and *W. F. Stadtlander,* for appellee.

OPINION BY CUNNINGHAM, J., July 10, 1930:

The court below struck off a judgment entered by confession on October 13, 1928, in favor of Scholnick, Inc., a Delaware corporation engaged in the business of manufacturing equipment for restaurants, and against Peter Canelos, trading as Crystal Restaurant,

and the plaintiff now appeals from the final order directing that its judgment be stricken from the record. On November 8, 1928, the defendant presented his petition attacking the validity of the judgment and prayed for and obtained a rule to open; plaintiff filed an answer but no testimony was taken. When the matter came on for argument before the court, in banc, on petition, rule and answer, counsel for defendant moved the court to treat his petition to open as a petition to strike off; as it contained averments sufficient to support a rule to strike off (Goldstein v. Fritzius, 41 Pa. Superior Ct. 219), the amendment was informally allowed.

The original order entered October 21, 1929, was merely "rule absolute" but this was followed by an order reading: "And now, November 18, 1929, counsel for defendant at time of oral argument upon the motion to open the judgment having moved the court to treat defendant's petition as a petition to strike off the judgment, and the court having so considered it, and upon conclusion of the argument having, through inadvertence, entered an order 'rule absolute,' but having intended to order said judgment stricken off, it is now ordered that the order, 'rule absolute,' entered October 21, 1929, in above entitled case, be vacated, and it is ordered that the judgment at above number and term be stricken off."

The warrant of attorney under which counsel for plaintiff acted in confessing the judgment was contained in a writing signed and sealed by defendant under date of June 27, 1928, in the form of an order to plaintiff for the manufacture and delivery to defendant of seven booths for his restaurant, to be constructed in accordance with drawings and specifications agreed upon, which equipment defendant agreed therein to rent from plaintiff under a bailment lease for a term of ten months, with an option to purchase

for a nominal sum at the end of the term. The price of the booths was fixed at $1,100 against which defendant was to have a credit of $150 for four tables and twenty-four chairs, to be delivered by him to plaintiff. Under the terms of the proposed lease, the balance of $950 was to be paid, $100 upon acceptance by plaintiff of the order, $100 upon delivery "of the order whether in its entirety or in part," and $75 per month for a period of ten months. Among other provisions which defendant agreed should be incorporated in the lease was this warrant of attorney: "In case of default in any of the payments due hereunder or in event of breach of any covenant contained either on the face or on the reverse side of this bailment, then and in that event, the full amount of said unpaid rent shall forthwith become due and payable, and I do hereby authorize any attorney of any court of record in this state or elsewhere to appear for me and with or without declaration filed confess judgment against me as of any term for the whole amount then unpaid under this lease; together with attorney's fee for claim of fifteen per cent.," etc. On the issue here involved we cannot look beyond the narr, confession, accompanying affidavits and the copy of the order, attached to the narr and containing the warrant of attorney. There is nothing upon the face of the order indicating its acceptance by plaintiff or that plaintiff bound itself in any way to manufacture and deliver the equipment; nor is there any averment in the narr or confession that the order had been accepted or that plaintiff had delivered, or tendered delivery of, any part of the equipment or had even commenced to manufacture it.

Even if we could consider plaintiff's answer to the rule and accept it at its full face value, it would clearly appear that, although no part of the equipment ordered had been delivered, or tender of delivery made, to defendant, or any designated sum expended for the purchase of materials or in construction work,

plaintiff caused to be entered against defendant a judgment for the full price, $1,100, together with an attorney's commission of fifteen per cent., making a total of $1,265. A situation apparently so unjust to defendant justified a close scrutiny by the court below of the record, for the purpose of determining whether the judgment was self-sustaining. Upon examination of the narr, the confession and the attached paper which was described in the narr as a "judgment contract," the court below concluded that the confession transcended the "authority conferred" and was "wholly lacking in legal warrant." In the opinion filed upon the taking of this appeal two grounds for this conclusion are set forth: first, that "so far as the record indicated at the time of entry of the judgment, the instrument containing the warrant of attorney was merely an offer by defendant to plaintiff, unaccepted by the latter, not based on a consideration, and hence not a binding contract between the parties;" and second, that in any event the warrant did not authorize the entry of a judgment for more than $950, the total of the rentals specified in the proposed bailment lease. Plaintiff's theory was that the instrument provided for the payment of $100 "upon acceptance of this order;" that the order had been accepted but defendant failed to make the payment and to deliver the chairs and tables, and plaintiff therefore became entitled, under the provisions of the warrant which we have quoted, to enter judgment for the full price of the equipment, plus the specified attorney's commission. The difficulty with this theory is that there is nothing on the record to support its contention that the offer of the defendant had become a contract through its acceptance by the plaintiff. In the lower left corner of the face of the order and opposite the signature of defendant these words appear—"Accepted, subject to approval of Scholnick, Inc.," followed by the signature of P. A. Sheris, a salesman

for plaintiff. The words "Scholnick, Inc.," were inscribed on the face of the order under the signature of defendant but there is nothing to indicate by whom, or by what authority, or for what purpose, they were placed there.

We therefore concur in the conclusion of the court below that the record fails to show the existence of a binding contract between the parties. Moreover, even if the record had disclosed an acceptance of the order and delivery, or tender thereof, of the booths, we are of opinion that the refusal of the defendant to accept the equipment and make the first payment would not have justified the confession, under the warrant, of a judgment in excess of $950, the aggregate of the rentals under the bailment lease. The judgment as confessed includes the credit item of $150 for tables and chairs to be delivered by defendant to plaintiff. As pointed out by the court below, there was no agreement on defendant's part to pay this sum in lieu of these articles, but plaintiff, although it made no averment of delivery of the booths to defendant, undertook to assess its damages for the failure of the defendant to deliver the chairs and tables at the sum of $150 and to mold such damages into a judgment. The warrant of attorney contained no such authority.

In the concluding portion of its opinion the court below, in describing the attitude of plaintiff, said: "It would have the total rental and $150 additional, without even completing manufacture of the goods for the use of which the rent was to be paid. This is so unconscionable that we think plaintiff should be limited to recover in assumpsit such legitimate damages as it may be able to establish." This language aptly describes the situation disclosed by this record.

The authorities cited by counsel for appellant in support of the proposition that, although a petition to strike off a judgment and the answer thereto are not part of the record the court may consider in con-

nection with the record the undisputed facts appearing from the pleadings, have no application in this case. There is no admission in the petition to the effect that the order was accepted by plaintiff or that delivery of the equipment was ever tendered.

We are not to be understood as approving of the informal manner in which these proceedings were converted from an application to open into one to strike off the judgment, but as the court below has, in our opinion, administered substantial justice between the parties the case should not be reversed upon a question of mere informality in procedure. Detailed consideration of the various assignments is unnecessary and they are severally overruled.

The order striking off the judgment is affirmed.