## Gilbert, Receiver, v. Litton et ux.

*John R. Jackson* and *S. W. Kirk*, for petitioner.
*John P. Sipes* and *John W. Mentzer*, contra.

SHEELY, P. J., August 19, 1936.—This is a petition by Annis M. Litton to open the above judgment as to her and to permit her to enter a defense thereto on the ground that she, a married woman, had executed the note as an accommodation to her husband. The judgment was entered against the defendants on January 7, 1936, for want of an appearance and affidavit of defense, in an action instituted by the plaintiff on December 17, 1935. The application to open judgment was not made until May 19, 1936. In the petition the petitioner not only fails to explain or excuse her default, but she even fails to inform the court of the nature of the judgment sought to be opened.

Her failure to explain or excuse her default, and her delay in making application to open the judgment, would be a sufficient reason to discharge this rule.

"An application to open a judgment regularly taken for want of an affidavit of defense and plea, sustained by a statement of claim sufficient to call for them, is addressed to the equitable power of the court and should be made promptly, show a reasonable excuse for the default, and set forth a valid defense": Paist v. Spittall, 56 Pa. Superior Ct. 408, 411 (1914); Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 444 (1920).

However, we do not feel that the defense set up by the petitioner is valid, and we would prefer to base our conclusion on that ground.

The important facts are not disputed. Wilson E. Litton, husband of the petitioner, was indebted to the First National Bank of Hancock, Maryland, on a note endorsed by his brother. When his brother refused to continue the accommodation, Wilson E. Litton induced his wife to execute the note as an accommodation for him. The note, with the wife's signature, was renewed from time to time, until April 28, 1933. On that date a renewal note was mailed by the bank to the defendants and was executed by them at their home in Thompson Township, Fulton County, Pa., and returned to the bank. The exact method of returning the renewal note to the bank does not appear from the testimony, nor do we know what was done with the prior note.

Annis M. Litton was an accommodation maker of the note and, under the Act of June 8, 1893, P. L. 344, 48 PS §32, is not liable thereon if the question is governed by the law of Pennsylvania. It is conceded by the petitioner that under the law of Maryland a married woman may become an accommodation maker and that if the question is governed by that law the petitioner has no defense to this note.

The sole question presented, therefore, is whether the note in question was a Pennsylvania contract or a Maryland contract. We think that it was the latter.

"It is certain, that the bare signing of a note will not give it efficacy. It may be signed with a view to deliver it to the payee, on his complying with some previous stipulation; so that in case of a refusal, it would become useless, and might be canceled by the drawer. A note is not, therefore, obligatory and valid, until it has been actually delivered to the party, for whose use it is drawn; and as it receives its life, existence, and negotiable character, at the place where it is so delivered, the law of that place must regulate all its subsequent operations": Ludlow v. Bingham, 4 Dallas 44, 56 (1799).

This view is in accord with the A. L. I. Restatement of Conflict of Laws. In section 320 the rule is stated:

"When a bill of exchange or promissory note is drawn, made or indorsed for the accommodation of the person to whom it is given by the accommodating party, the place of contracting is where it is first delivered for value to a third person."

The view is also in accord with the rule expressed in Tenant et al. v. Tenant, Admr., 110 Pa. 478, 484 (1885), and in Robinson v. Kline, 39 Pa. C. C. 328 (1911).

The question is also governed by section 313 of the A. L. I. Restatement of Conflict of Laws, which declares the rule:

"When a formal contract is made in renewal of an earlier formal contract, the place of contracting is where the new document is at the time when the old contract ceases to exist by the law of the place of its performance."

Under this section it is commented in comment (b):

"The renewal contract is usually a bill of exchange or a promissory note. The moment when the new obligation succeeds the old is usually the moment when the physical exchange of the two documents is made by the holder of the bill or note. Usually if the bill or note is held by a bank, the new document is substituted for the old in the files of the bank."

See Commonwealth v. Biddle, 139 Pa. 605 (1891).

From the testimony in this case it is clear that the transaction of renewing the old note was not complete until the renewal note reached the bank in Hancock, and the note was therefore not effective until that time and at that place. The record does not disclose how the note got to the bank after it was signed in Fulton County. If it were taken there by the petitioner, that fact would more clearly illustrate the justice of the rule here pronounced. If it were taken there by the husband, he would have been acting on his own behalf and on behalf of the petitioner, and not as agent for the bank as was the case in National Beverage Sales Co. v. Weinstein et ux., 303 Pa. 387 (1931).

Since we conclude that the note was a Maryland contract, the law of Maryland becomes a part of that contract and the validity of the contract is to be determined by that law. If a contract is valid where it is made it is valid everywhere: Burnett v. Pennsylvania R. R. Co., 176 Pa. 45 (1896).

The fact that the plaintiff is seeking to collect the debt from real estate in Pennsylvania does not alter the situation. In the plaintiff's action to set aside the conveyance of the defendants' real estate, the law of Pennsylvania must govern, but that is an entirely different matter than the validity of the defendants' debt to the plaintiff.

We do not think that the public policy of this State prohibits the enforcement of this debt. While the courts will not permit a subterfuge to evade the disability imposed by the Act of 1893, the courts are powerless to prevent a married woman from going into another State and there entering into a contract which she could not make in Pennsylvania. The contract, being legal where made, is legal everywhere and must be enforced: Burnett v. Pennsylvania R. R. Co., 176 Pa. 45 (1896). The rule to open the judgment must therefore be discharged.

And now, August 19, 1936, the rule to open the judgment in favor of Claude Gilbert, receiver of the First National Bank of Hancock, Maryland, v. Wilson E. Litton

and Annis M. Litton, entered to no. 34, January term, 1936, is discharged at the cost of the petitioner.